1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI C., STUART C., and D.C.,

              Plaintiffs,

    v.

PREMERA BLUE CROSS, THE
WHITMAN COLLEGE MEDICAL PLAN,
AND WHITMAN COLLEGE,

              Defendants.

NO. 2:24-cv-00164

COMPLAINT

Plaintiffs Heid C. ("Heidi"), Stuart C. ("Stuart"), and D.C., through their undersigned counsel, complain and allege against Defendants Premera Blue Cross ("Premera"), the Whitman College medical plan ("the Plan"), and Whitman College as follows:

## I.  PARTIES

1.  ***Plaintiffs.*** Plaintiffs Heidi C., Stuart C., and D.C. are natural persons. Heidi C. and Stuart C. ("the Parents") are the parents of D.C., who was a minor at all relevant times. The plaintiffs reside in Walla Walla County, Washington. D.C. is diagnosed with mental illness. In 2021, when he was a minor, D.C. received treatment for these severe illnesses at blueFire Wilderness Therapy ("blueFire"), located in Idaho. Although the

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Plan covers medically necessary services to treat mental illness, Defendants denied all coverage provided by blueFire to D.C. and denied plaintiffs' appeals of the denials of coverage in violation of the terms of the Plan and the Employee Retirement Income Security Act of 1974 ("ERISA").

2.     *Defendant Premera.* Premera is an independent licensee of the nationwide Blue Cross network of providers and was the third-party claims administrator, as well as the fiduciary under ERISA for the applicable Plan during the treatment at issue in this case. Premera is located in King County, Washington and serves residents of Washington. Premera answers benefit questions, makes benefit decisions, and processes appeals under the Plan and, in that capacity, is a fiduciary under ERISA.

3.     *Defendant Whitman College medical plan.* The Plan is a self-funded employee welfare benefits plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). At all relevant times, Stuart C. was a Participant in the Plan, and D.C. was a beneficiary of the Plan. The Plan provides coverage for "mental health care services to manage or lessen the effects of a psychiatric condition" when such services are "consistent with published practices that are based on evidence when available or follow clinical guidelines or a consensus of expert opinion published by national mental health professional organizations or other reputable sources," or, when "[i]f no such published practices apply," that are "consistent with community standards of practice."

4.     *Defendant Whitman College.* Whitman College is a private college located in Walla Walla County, Washington and is the "Plan Sponsor" and "Plan Administrator" and is a fiduciary under ERISA.

COMPLAINT – 2
[Case No. 2:24-cv-00164]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## II.   JURISDICTION AND VENUE

5.     This Court has jurisdiction over this case pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1), and 28 U.S.C. §1331.

6.     Venue is appropriate under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(c), based on ERISA's nationwide service of process and venue provisions, and because the Plan has a forum selection provision which identifies the State of Washington as the appropriate venue.

7.     The remedies the Plaintiffs seek under the terms of ERISA and under the Plan are for the benefits due under the terms of the Plan, and pursuant to ERISA §502(a)(1)(b), 29 U.S.C. §1132(a)(1)(B), for appropriate equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), based on the Defendants' violation of the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA"), an award of prejudgment interest, and an award of attorney fees and costs pursuant to 29 U.S.C. §1132(g).

## III.   FACTS

8.     blueFire is a 24-hour per day outdoor behavioral health treatment facility located in, and licensed by the state of Idaho, that provides intermediate level behavioral health services to children and adolescents.

9.     D.C. received medically necessary mental health care by and at blueFire from on or about June 21, 2021, through on or about September 16, 2021, and submitted coverage claims to defendants for that treatment.

10.     By Explanation of Benefit documents dated on or about September 30, 2021, Premera, on behalf of the Plan, denied Plaintiffs' claims for blueFire's treatment of D.C., asserting, *inter alia*, "This provider isn't eligible as defined under the terms of your plan."

11.     By letter dated March 17, 2022, and through subsequent submissions, the parents appealed defendants' denial decision in accordance with ERISA and the Plan.

COMPLAINT – 3
[Case No. 2:24-cv-00164]

12.     By letter dated November 10, 2022, Premera, on behalf of the Plan, denied Plaintiffs' appeal and reasserted denial, asserting, *inter alia*, "Your request for payment for services provided to [D.C.] by Blue Fire Wilderness was denied. The claim [was] denied in accordance to [D.C.]'s plan language which states wilderness programs are not covered."

13.     By letter, submitted to defendants on or about January 3, 2023 (misdated January 3, 2022), which Premera acknowledged it received on January 9, 2023, the parents again appealed defendants' denial decision in accordance with ERISA and the Plan.

14.     By letter dated February 8, 2023, Premera, on behalf of the Plan, denied plaintiffs' second appeal and again affirmed the Plan's denial of D.C.'s coverage claims, asserting, *inter alia,* "Your request for payment for services provided to [D.C.] by Blue Fire Wilderness was denied because the claims denied correctly in accordance with [D.C.]' plan language. The plan language states, this plan does not cover recreational, camp and activity-based programs. These programs are not medically necessary and include: …Wilderness, hiking, tall ship, and other adventure programs and camps…Blue Fire Wilderness is a wilderness program and therefore is an exclusion and not covered."

15.     The Plan bases the determination as to whether mental health services are covered on numerous factors, including whether the service is "consistent with published practices that are based on evidence when available or follow clinical guidelines or a consensus of expert opinion published by national mental health professional organizations or other reputable sources," or, "[i]f no such published practices apply, …consistent with community standards of practice." Contrary to this Plan provision, however, the Plan contains a blanket exclusion of "Recreational, Camp

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

And Activity Programs," including "Wilderness, hiking, tall ship, and other adventure programs and camps," regardless of the nature of the facility associated with the excluded program.

16.     The Plan is subject to Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") because the Plan provides coverage for mental health services.

17.     Under the Parity Act, defendants are prohibited from imposing treatment limitations to mental health benefits that are more restrictive than the "predominant treatment limitations applied to substantially all medical and surgical benefits." 29 U.S.C. §1185a(a)(3)(A)(ii).

18.     The Plan broadly covers medical and surgical benefits in inpatient, outpatient and residential settings. Intermediate services, which are services somewhere between traditional inpatient and outpatient care, are covered when medical and surgical benefits are sought.

19.     While the Plan generally covers medical and surgical services when provided in intermediate settings, it excludes wilderness therapy—a form of intermediate therapy to treat mental illness—even when provided by licensed providers.

20.     The Plan has therefore imposed a nonquantitative treatment limitation—a blanket exclusion—on the scope of intermediate services it covers—medically necessary treatment at outdoor/wilderness behavioral healthcare programs—that is not in parity with the treatment limitations it imposes on comparable intermediate medical/surgical services, such as skilled nursing facilities and rehabilitation hospitals, which are expressly covered. Given this disparity, the Plan has facially employed "processes, strategies, evidentiary standards" and other factors in assessing medically necessary services rendered at outdoor/wilderness behavioral healthcare programs that are

COMPLAINT – 5
[Case No. 2:24-cv-00164]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

different from the standards they employ in assessing medically necessary services rendered at skilled nursing facilities and rehabilitation hospitals.

21.     The application of these uniform exclusions and limitations is not "at parity" with the Plan's coverage of medical/surgical services. As a result, plaintiffs have paid out of pocket for mental health treatment that should be covered by the Plan.

22.     The Affordable Care Act's provider anti-discrimination provision prohibits defendants from discriminating against a provider with respect to participation under the Plan as long as that provider is acting within the scope of the provider's license or certification under applicable state law. *See* 42 U.S.C. §300gg-5(a); 29 U.S.C. §1185d. By denying blueFire's treatment of D.C., defendants discriminated against the provider(s) in violation of the ACA.

23.     ERISA requires defendants to follow the terms of the Plan. The Plan's wholesale exclusion of wilderness programs from coverage is not consistent with the terms of the Plan's mental health treatment provisions and/or the doctrine of reasonable expectations.

24.     ERISA requires defendants to administer the Plan in a manner that includes the requirements of laws and regulations. By applying a blanket exclusion of outdoor/wilderness behavioral healthcare programs in violation of the Parity Act and ACA and its regulations, defendants systemically and uniformly failed to properly administer the Plan. Defendants also breached their fiduciary duties to plaintiffs, who have not received the benefits to which D.C. is entitled.

25.     Defendants' denial decision was erroneous and arbitrary. Accordingly, plaintiffs ask the Court to order defendants to cover D.C.'s treatment by and at blueFire under the terms of the Plan and in accordance with ERISA.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

26.     Plaintiffs have completed all steps required prior to the filing of this Complaint under the Plan and ERISA.

## IV.  CLAIMS

### FIRST CLAIM – FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA §502(A)(1)(B), 29 U.S.C. §1132(A)(1)(B)

27.     Plaintiffs reallege all paragraphs above.

28.     Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), plaintiffs are entitled to enforce their rights under the terms of the Plan.

29.     Specifically, and consistent with the terms and conditions of the Plan, plaintiffs seek coverage of all medically necessary behavioral health treatment D.C. received at blueFire.

30.     By denying plaintiffs' claim and benefits under the Plan, defendants have violated ERISA §502(a)(1)(B), 29 U.S.C. §1132 (a)(1)(B).

### SECOND CLAIM – FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA §502(A)(3), 29 U.S.C. §1132(A)(3)

31.     Plaintiffs reallege all paragraphs above.

32.     ERISA §502(a)(3), 29 U.S.C. §1132 (a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" and that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or to enforce plan terms. To the extent full relief is not available to plaintiffs under §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), pursuant to ERISA §502(a)(3), 29 U.S.C. §1132 (a)(3), plaintiffs seek to enjoin defendants from denying blueFire's medically necessary mental health treatment and seek all equitable remedies, including, without limitation, injunctive relief and surcharge.

COMPLAINT – 7
[Case No. 2:24-cv-00164]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

1

## THIRD CLAIM – FOR ATTORNEY FEES AND COSTS
## UNDER ERISA §502(G)(1), 29 U.S.C. §1132(G)(1)

2    33.    Plaintiffs re-allege all paragraphs above.

3    34.    Plaintiffs are entitled to an award of their attorneys' fees and costs under

4 ERISA §302(g)(1), 29 U.S.C. §1132(g)(1).

5    ## V.   REQUEST FOR RELIEF

6    WHEREFORE, plaintiffs request that this Court:

7    1.    Enter judgment in favor of plaintiffs, establishing plaintiffs' right to

8 coverage of blueFire's medically necessary treatment under the terms of the Plan,

9 pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B);

10    2.    Enter judgment in favor of plaintiffs for damages in an amount to be

11 proven at trial, due to defendants' failure to provide benefits due under the Plan,

12 pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B);

13    3.    Enter judgment in favor of plaintiffs, enjoining defendants from denying

14 blueFire's medically necessary treatment and ordering defendants to reimburse

15 plaintiffs the full cost of blueFire's treatment through equitable remedies, including,

16 but not limited to, injunctive relief and surcharge, pursuant to ERISA §502(a)(3), 29

17 U.S.C. §1132(a)(3).

18    4.    Order defendants to pay plaintiffs' attorney fees and costs, pursuant to

19 ERISA §502(g)(1), 29 U.S.C. §1132(g)(1); and

20    5.    Award plaintiffs such other relief as is just and proper.

21 //

22 //

23 //

24 //

25 //

26

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

1   DATED:  February 7, 2024.

2                                          SIRIANNI YOUTZ
3                                          SPOONEMORE HAMBURGER PLLC

4                                           /s/ Eleanor Hamburger
                                           Eleanor Hamburger, WSBA #26478
5                                          ehamburger@sylaw.com

6                                           /s/ Richard E. Spoonemore
                                           Richard E. Spoonemore, WSBA #21833
7                                          rspoonemore@sylaw.com
                                           3101 Western Avenue, Suite 350
8                                          Seattle, WA 98121
                                           Telephone:  (206) 223-0303
9                                          Facsimile:  (206) 223-0246

10
                                           MEGAN E. GLOR, ATTORNEYS AT LAW
11
                                            /s/ Megan E. Glor
12                                         Megan E. Glor, OSB #930178
                                           (pro hac vice application to follow)
13                                         megan@meganglor.com
                                           707 NE Knott Street, Suite 101
14                                         Portland, OR  97212
                                           Telephone:  (503) 223-7400
15                                         Facsimile:  (503) 751-2071
16
17                                         Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

COMPLAINT – 9
[Case No. 2:24-cv-00164]